TAYLOR CONSTRUCTION COMPANY, Appellant, *v.* HILTON HOTELS CORPORATION, dba LAS VEGAS HILTON and LAS VEGAS INTERNATIONAL HOTEL CORPORATION, INC., Respondents.

No. 15178

March 30, 1984                                              678 P.2d 1152

---

[1]Justice Charles E. Springer voluntarily recused himself from the consideration of this case.

*Thorndal, Backus & Maupin,* Las Vegas, for Appellant.

*Rawlings, Olson & Cannon,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order denying a motion for summary judgment. Respondents have moved to dismiss this appeal, contending that such an order is not appealable despite the certification of finality pursuant to NRCP 54(b).[1] We agree.

---

[1] NRCP 54(b) provides in part:

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express

NRAP 3A(b) designates the judgments and orders from which an appeal may be taken, and where no statutory authority to appeal is granted, no right exists. Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). The denial of a motion for summary judgment is not a final judgment under the rule. Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214 (1953) (decided under indentical provision of former NRCP 72(b)).

The district court, upon motion by appellant, inserted the following language into the order denying appellant's motion for summary judgment:

> IT IS FURTHER ORDERED that there appearing no just cause for delay, this denial of the motion for summary judgment is certified as final for the purposes of the Nevada Rules of Civil Procedure Rule 54(b).

The district court, through such certification, cannot create finality when the order is not amenable to certification. See Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Las Vegas Hacienda v. G.L.M.M. Corp., 93 Nev. 177, 561 P.2d 1334 (1977). The district court does not have the power, even when a motion for certification is unopposed, to transform an interlocutory order which does not come within the rule, into a final judgment. An NRCP 54(b) certification is not available to provide interlocutory appellate review of an order which does not constitute a final adjudication of fewer than all claims or the rights and liabilities of fewer than all the parties in an action. Painton & Company v. Bourns, Inc., 442 F.2d 216, 234 (2nd Cir. 1971). The order at issue in this appeal was a refusal by the district court to adjudicate the rights and liabilities of Taylor Construction Company and clearly is not a judgment which is amenable to certification pursuant to NRCP 54(b).

The district court was without authority to direct the entry of a final judgment as to the order from which this appeal is taken; therefore, the order is not appealable and we are without jurisdiction to entertain this appeal.

Appeal dismissed.[2]

---

determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

[2]The erroneous certification by the trial court will not preclude appellant from raising its challenge to the order in a timely appeal from a final judgment. See Page v. Preisser, 585 F.2d 336 (8th Cir. 1978).