KDI SYLVAN POOLS, INC., a Delaware Corporation, Appellant/Cross-Respondent, v. DALE WORKMAN, Respondent/Cross-Appellant, and TANGO POOLS, Respondent.

No. 21642

May 9, 1991                                    810 P.2d 1217

*Jimmerson, Davis & Santoro* and *Lynn M. Hansen,* Las Vegas, for Appellant/Cross-Respondent.

*McCullough & Ream,* Las Vegas, for Respondent/Cross-Appellant.

*Marquis, Haney & Aurbach,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondents partial summary judgment. This is also a cross-appeal by respondent Dale Workman from an order of the district court staying execution of the summary judgment for a period of forty-eight hours.[1] Because our preliminary review of the record revealed potential jurisdictional defects, this court ordered the parties to show cause why this appeal and cross-appeal should not be dismissed for lack of jurisdiction. We have now received the parties' responses.

On July 28, 1989, appellant KDI Sylvan Pools, Inc., (Sylvan) filed a complaint against respondents Dale Workman and Tango Pools. Sylvan alleged that Workman had entered into a contract with Sylvan for the construction of a pool, that Workman had breached that contract, and that Tango, with knowledge of the Sylvan-Workman contract, had entered into a contract to construct the pool for Workman. Sylvan alleged causes of action for breach of contract, interference with a business relationship and interference with a prospective economic advantage.

On September 1, 1989, Tango answered the complaint and denied liability. On September 25, 1989, Workman answered the

---

[1]The district court subsequently issued an order staying execution of the summary judgment pending this appeal. Workman has not appealed from this order. Workman argues that all parties to this action understood that the initial temporary stay would become permanent if appellant posted a bond within the specified forty-eight hour period. The point of this argument appears to be that the temporary stay order was final for purposes of appeal. This argument need not be addressed, because this court's determination of the appealability of the temporary stay order does not turn on the question of finality.

complaint, denied liability, and filed a counterclaim against Sylvan. According to Workman, Sylvan's representative induced Workman to sign the contract in question by misrepresenting to Workman that the document was a non-binding estimate of the cost of constructing a pool. Workman claimed that Sylvan filed the complaint in order to extract an unfair settlement of Sylvan's false claim against Workman. Workman's counterclaim alleged causes of action for malicious, fraudulent and oppressive abuse of process, intentional infliction of emotional distress and defamation.

On August 17, 1990, the district court entered summary judgment in favor of Workman and Tango against Sylvan. The district court also awarded attorney's fees and costs to Workman and Tango. The district court's judgment did not resolve Workman's counterclaim against Sylvan. Sylvan filed a notice of appeal on September 6, 1990.

On September 12, 1990, the district court filed an order staying for a period of forty-eight hours execution of the attorney's fees and costs portion of the summary judgment. On September 21, 1990, Workman filed a document which he styled "Notice of Cross-Appeal."[2]

Sylvan concedes that Workman's counterclaim remains pending below, but argues that the counterclaim was rendered moot by the district court's granting of summary judgment to Workman. Specifically, Sylvan argues incorrectly that Workman's counterclaim is an alternative defense to Sylvan's complaint which is "based on the theory that there was a valid contract that could be enforced against Workman." Sylvan further argues that Workman indicated in the court below that he does not intend to pursue his counterclaim.

Workman's counterclaim is based on a theory that no valid contract was entered into, and Workman's claims for damages based on Sylvan's fraudulent business practices have neither been dismissed nor rendered moot by the district court's order of partial summary judgment. The fact that Workman may not be inclined to pursue his counterclaim also does not render the counterclaim moot or operate as a formal dismissal of the claim.

---

[2]We note that the Nevada Rules of Appellate Procedure do not provide for the filing of a notice of cross-appeal. Instead, a cross-appeal arises by operation of law when multiple, opposing parties file notices of appeal. *See* NRAP 3(a) (appeal is taken by filing notice of appeal); NRAP 4(a)(1) (if a timely notice of appeal has been filed, any other party may appeal by filing and serving a notice of appeal); NRAP 28(h) (in cases involving a cross-appeal, plaintiff below is designated the appellant for all purposes).

We conclude, therefore, that the district court's summary judgment of August 17, 1990, is not a final appealable judgment pursuant to NRAP 3A(b)(1), because it does not finally resolve the entire action pending below.

In response to this court's order to show cause, Sylvan sought and obtained from the district court an order certifying its judgment as final pursuant to NRCP 54(b). However, because the claims of Workman against Sylvan arise from the same set of facts and transactions that gave rise to Sylvan's claims against Workman, and are closely related to the claims resolved by the district court, the district court's summary judgment is not amenable to certification pursuant to NRCP 54(b). *See* Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986); *see also* Mid-Century Ins. Co. v. Cherubini, 95 Nev. 293, 593 P.2d 1068 (1979); Las Vegas Hacienda v. G.L.M.M. Corp., 93 Nev. 177, 561 P.2d 1334 (1977). Thus, the district court erroneously certified as final and appealable its judgment of August 17, 1990. *See* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984) (the district court, through certification of finality, cannot create finality when order is not amenable to certification). We conclude, therefore, that we lack jurisdiction to entertain this appeal, and we dismiss this appeal.[3]

[Headnotes 3, 4]

Next, no statute or court rule authorizes an appeal from an order of the district court staying execution of a summary judgment. The right to appeal is statutory; where no statutory authority to appeal is granted, no right to appeal exists. *See* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975); *see also* Brunzell Constr. v. Harrah's Club, 81 Nev. 414, 419, 404 P.2d 902, 905 (1965) (an order granting or denying a stay of proceedings is not appealable). We therefore conclude that we lack jurisdiction to entertain this cross-appeal, and we dismiss this cross-appeal.

Finally, counsel for Sylvan, Lynn M. Hansen, neglected to complete questions 21 through 25 of the docketing statement she filed on behalf of Sylvan. These questions concern the finality of judgments, and are particularly relevant to this appeal. In

---

[3]We deny Sylvan's request to hold this appeal in abeyance in order to allow Sylvan to seek an order from the district court resolving Workman's counterclaim.

response to our order to show cause, Hansen states that she believed it was unnecessary to answer the questions because, in her opinion, Workman's counterclaim had been rendered moot by the district court's decision. Nevertheless, the questions left blank by counsel are to be completed in every case where "more than one claim for relief *was presented* in the action. . . ." (Emphasis added.) Clearly, more than one claim was presented in this case, and Hansen inappropriately neglected to complete the docketing statement properly.

Similarly, counsel for Workman, Christopher R. McCullough, incorrectly indicated in the docketing statement he filed on behalf of Workman that the summary judgment in this case was certified as final pursuant to NRCP 54(b), although the judgment had not yet been so certified when the docketing statement was filed. McCullough further incorrectly stated that an "[o]rder granting Summary Judgment is independently appealable under N.R.A.P. 3A(b)," although a summary judgment is not listed in NRAP 3A(b) as an appealable order. Finally, McCullough did not indicate any authority for this court to entertain Workman's appeal from an order staying execution of the summary judgment. McCullough acknowledges these errors in the docketing statement, and indicates that they were due to oversight.

When attorneys do not take seriously their obligations under NRAP 14 to properly and conscientiously complete the docketing statement, they waste the valuable judicial resources of this court, making the imposition of sanctions appropriate. *See* NRAP 14(c). The attorneys' explanations in this case for their failure to properly complete the docketing statements amount to an admission that the attorneys did not consider the statements important enough to warrant their careful attention. We believe that sanctions are warranted to discourage such disregard of the rules in the future.

Accordingly, as a sanction for their conduct, attorneys Lynn M. Hansen and Christopher R. McCullough shall each, within twenty (20) days from the date of this opinion, pay to the Nevada Supreme Court Law Library the sum of one hundred dollars ($100.00), and provide the clerk of this court with proof of such payment.