An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DEBRA BOWLBY,<br>Appellant,<br>vs.<br>STACY BOWLBY,<br>Respondent. | No. 56062 |
| DEBRA BOWLBY,<br>Appellant,<br>vs.<br>STACY BOWLBY,<br>Respondent. | No. 56687 |
| DEBRA BOWLBY,<br>Appellant,<br>vs.<br>STACY BOWLBY,<br>Respondent. | No. 58888 |

**FILED**

MAY 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEALS

These are consolidated appeals from post-divorce decree district court orders concerning contempt, awarding attorney fees, and directing the sale of real property.

## BACKGROUND

The district court entered the divorce decree on September 1, 2009. The decree incorporated prior court orders, including a judgment of partial property distribution entered on April 13, 2009, and the parties' Fiduciary Management Agreement (FMA), for the purpose of settling "all child custody, property, support and marital rights of the parties." The decree also divided some of the parties' property, and in particular, awarded appellant the Traditions home and awarded respondent the Hideaway home both located in La Quinta, California, as their respective

13-14473

separate properties, with appellant receiving a $1.7 million equalization payment for the difference in value between the two homes.

The FMA provided that the parties had agreed that rather than valuing and dividing their wealth at the time of the divorce, they would proceed to liquidate various community business holdings in an orderly fashion and divide the net proceeds. As part of that liquidation process, each party could be required to make separate property capital contributions ("capital calls") for ongoing business expenses as approved by a court-appointed financial expert. Under the FMA, appellant and respondent were "obligated to use their respective sole and separate property to answer capital calls as may be required." Additionally, under the district court's judgment of partial property distribution, each party was required to maintain $1 million in liquid assets or a line of credit to satisfy any future capital calls. If a dispute arose as to the capital calls, the parties were to bring the issue before the district court for resolution.

Finally, the district court retained continuing jurisdiction over the liquidation of the parties' community property. In this regard, the decree specifically states that the district court "shall have continuing jurisdiction over the Orderly Liquidation, as it relates to the parties' community property, and all permutations of that Orderly Liquidation."

During the liquidation process, appellant failed to pay the second capital call as requested, and respondent sought relief from the district court. The district court entered an order directing appellant to pay the second capital call in the amount of $291,676.58. When appellant again failed to pay the capital call, respondent filed a motion to hold appellant in contempt under NRS 22.010 and requested sanctions in the

form of attorney fees and expert fees associated with the collection of that capital call.

After a show cause hearing, the district court entered an order on February 5, 2010, finding appellant in contempt for failing to pay the capital call. That order also awarded respondent attorney fees incurred in collecting the capital call and directed respondent's attorney to provide an affidavit regarding his fees. The affidavit was thereafter filed with the court, and appellant filed an objection. On March 24, 2010, the district court entered an order awarding respondent $25,000 in attorney fees. On April 26, 2010, appellant filed her first appeal designating both the contempt order and the attorney fees order, which is currently pending in Docket No. 56062.

Respondent then filed in the district court a motion to sequester funds for future capital calls, in which he requested that the court order the sale of appellant's Traditions home for the purpose of meeting future capital calls and assisting with his negotiations with various lenders aimed at reducing the loans for which the marital estate was still obligated. Appellant opposed the motion. On July 8, 2010, the district court entered an order directing the sale of both the Traditions home and the Hideaway home. That order also approved another capital call to be paid by appellant in the amount of $99,911.99. Appellant's timely appeal from that order is pending in Docket No. 56687.

About eight months after the district court ordered appellant to sell her Traditions home, respondent filed a motion to hold appellant in contempt for continuing violation of court orders and for attorney fees. In the motion, respondent alleged, among other things, that appellant interfered with the marketing of her home, failed to meet certain capital

calls, and failed to execute documents as required by court order. Appellant opposed the motion. After a hearing, the district court entered an order on June 29, 2011, denying respondent's request to find appellant in contempt, but directing appellant to pay respondent $75,000 in attorney fees as a sanction based on appellant's continued delay tactics, which necessitated respondent's motion practice. Appellant's timely appeal from that order is pending in Docket No. 58888.

## DISCUSSION

When our review of the documents pending before this court revealed a potential jurisdictional defect, we directed appellant to show cause why these appeals should not be dismissed for lack of jurisdiction because the orders did not appear to be substantively appealable. Appellant has filed her response as directed.[1] For the reasons set forth below, we conclude that we lack jurisdiction over these appeals.

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 678 P.2d 1152 (1984). NRAP 3A(b) allows appeals to be taken from a final judgment and from a special order entered after a final judgment. *See* NRAP 3A(b)(1) and (8). In response to our show cause order, appellant contends that the orders are final and appealable under NRAP 3A(b)(1) because they finally resolve issues relating to contempt. Alternatively, appellant contends that the orders are appealable as special orders entered after a final judgment because

---

[1]On May 9, 2013, respondent filed a motion for leave to reply to appellant's response, but only if this court requires additional information. In light of our disposition of this matter, we deny the motion.

they affect her rights arising from the divorce decree by requiring her to sell property awarded to her under the decree and by directing her to pay substantial attorney fees to respondent.

Appellant's contentions are unpersuasive. The district court has not entered a final judgment in the proceeding below. Therefore, the challenged orders are not appealable as either a final judgment or as special orders entered after a final judgment. In a divorce proceeding such as this, the final judgment is one that finally resolves all issues pertaining to the dissolution of the parties' marriage, including the division of property. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (recognizing that a final judgment is one that disposes of all issues presented and leaves nothing for the court's future consideration, except for certain post-judgment issues). In determining whether a judgment is final, this court will typically look beyond the label and instead take a functional view of finality. *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994). The requirement of finality furthers judicial economy by avoiding piecemeal appellate review. *Id.*

Here, although the district court entered a divorce decree in 2009, the decree and any prior orders incorporated therein did not finally resolve the division of the parties' community property, and that issue remains pending. The decree divided some community property assets, but pursuant to the parties' agreement, the remaining community estate was to be liquidated and the proceeds thereafter divided, with the court retaining jurisdiction over that liquidation process. The district court is still actively involved in the liquidation and division of the parties' community property assets, as evidenced by the various orders challenged in these appeals. Therefore, because no final judgment has been entered

SUPREME COURT
OF
NEVADA

(O) 1947A

in the divorce proceeding, the orders challenged in these appeals are interlocutory and not independently appealable, and we lack jurisdiction to consider them. *See* NRAP 3A(b) (listing orders and judgments from which an appeal may be taken); *Pengilly v. Rancho Santa Fe Homeowners Ass'n.*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (recognizing that a contempt order is not independently appealable).

Accordingly, we dismiss these appeals. We note that because these orders are interlocutory, they may be challenged on appeal from the final judgment that resolves the remaining property distribution issues. *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (stating that interlocutory orders may be challenged on appeal from the final judgment)

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Ninth Judicial District Court Dept. 1
      Carolyn Worrell, Settlement Judge
      Black & LoBello
      Sherry B. Bowers
      Silverman, Decaria & Kattelman, Chtd.
      Jolley Urga Wirth Woodbury & Standish
      Douglas County Clerk