An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID SCOTT LEWIS,
Appellant,
vs.
MICHELLE LOURDES LEWIS,
Respondent.

No. 59268

**FILED**

APR 21 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

On January 15, 2014, this court entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because the divorce decree expressly did not address the payment of child support, which the decree reserved for consideration at a later date. In response to our show cause order, appellant points to a district court order entered nine months before the entry of the divorce decree, which set the amount of child support appellant was to pay at $100 per month. According to appellant, this order, which resulted from a stipulation on the record, finally established child support, rendering the divorce decree a final, appealable judgment. But this pre-decree order is not referenced or otherwise acknowledged by the divorce decree. Instead, the decree expressly directs the filing of a motion "regarding the child support issue" and states that, at the hearing that yielded the decree, "the Court . . . address[ed] the issues of the dissolution of the marriage, save and except the issue of child support." While appellant acknowledges this aspect of the decree, he characterizes this child support issue as a request to modify the previous award, based on a pre-decree oral request made at

14-12724

a hearing, which was followed up with a post-decree motion to modify the award.

Regardless of the pre-decree child support determination, however, the inclusion of the above quoted language in the divorce decree indicates that, at the time of the decree's entry, the issue of child support was not finally determined. *See generally Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 733 (1994) (noting that until a final judgment is entered an interlocutory order may be reconsidered or modified). And while our show cause order noted that appellant could cure any jurisdictional defect created by this pending child support issue by providing this court with a copy of a district court order resolving that issue, appellant failed to provide any such order or otherwise assert that this issue has been resolved or addressed by the district court.

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *See Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 678 P.2d 1152 (1984). Under NRAP 3A(b)(1), an appeal may be taken from a final judgment in a proceeding commenced in the district court. In a divorce proceeding such as the one presented here, the final judgment is one that finally resolves all issues pertaining to the dissolution of the parties' marriage, including issues pertaining to child support. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (recognizing that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"). Here, because the issue of child support remains pending below, no final judgment had been entered in the underlying case. *Id.* As a result, this court lacks jurisdiction to consider

this appeal, and we therefore, order the appeal dismissed. Once the child support issue is resolved and a final judgment is entered in the underlying matter, any aggrieved party may appeal from that judgment.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Robert Teuton, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Aaron Grigsby
Michelle Lourdes Lewis
Eighth District Court Clerk