An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ONE WEST BANK, FSB (SUCCESSOR BY ACQUISITION OF SUBSTANTIALLY ALL OF THE ASSETS OF INDYMAC FEDERAL BANK, FSB)
Appellant,
vs.
PACIFIC WOODS RENTAL LLC,
Respondent.

No. 61523

FILED

SEP 25 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

When oral argument and our review of the briefs and appendices in this case revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the district court had not entered a final, written judgment adjudicating all the rights and liabilities of all the parties. NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). Although the district court's summary judgment quieted title to the subject property, respondent's claims for abuse of process, slander of title, and fraud concerning actions taken by appellant in a separate district court case appeared to remain pending below.

Appellant timely responded to our order to show cause. Appellant agreed that the above claims remained pending and noted that its third-party claims remained pending below as well. Respondent filed a reply, arguing that the district court and the parties intended the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31880

summary judgment to resolve all issues in the case, as evidenced by language in the district court's findings of fact and conclusions of law. Respondent argues that the abuse of process, slander of title, and fraud claims were implicitly resolved by the district court's findings below.

It is not clear, however, that the district court's findings concerning issue and claim preclusion necessarily denied respondent's claims for abuse of process, slander of title, and fraud. In the separate case, appellant obtained an ex parte rescission of a foreclosure sale order as well as punitive damages. The summary judgment itself, which was entered separately from the findings of fact and conclusions of law, expressly addressed only the causes of action for quiet title and declaratory relief. Thus, the abuse of process, slander of title, and fraud claims remain unresolved. *See KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342-43, 810 P.2d 1217, 1219 (1991) (explaining that a party's abandonment of a claim is insufficient to render a judgment final for jurisdictional purposes; instead, the claim must be formally resolved).

Moreover, respondent does not address whether appellant's third-party claims against the homeowners' association and other parties have been resolved, and neither party explains the nature of those claims. Accordingly, it appears that the third-party claims also remain pending.

Because the district court has not entered a final judgment below, we lack jurisdiction and

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Timothy C. Williams, District Judge
Janet Trost, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Law Offices of Michael F. Bohn, Ltd.
David J. Winterton & Associates, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A