An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF: ESTATE OF LEROY G. BLACK, DECEASED, | No. 63960 |

WILLIAM FINK A/K/A BILL FINK,
Appellant,
vs.
PHILLIP MARKOWITZ AS EXECUTOR
OF THE ESTATE OF LEROY G.
BLACK,
Respondent.

PHILLIP MARKOWITZ AS EXECUTOR
OF THE ESTATE OF LEROY G.
BROWN,
Appellant,
vs.
WILLIAM FINK,
Respondent.

No. 65983

**FILED**

SEP 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL IN DOCKET NO. 65983, DENYING MOTION TO CONSOLIDATE, AND REINSTATING BRIEFING IN DOCKET NO. 63960

These appeals arise out of the same probate proceeding. The appeal in Docket No. 63960 is an appeal from a district court order dismissing a will contest. The appeal in Docket No. 65983 is an appeal form a district court order denying a petition to declare a trust revoked in a probate action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

On August 6, 2014, this court ordered Phillip Markowitz as appellant in Docket No. 65983 to show cause why that appeal should not be dismissed for lack of jurisdiction as it appeared that the appeal from the May 29, 2014, order denying a petition to declare a trust revoked was not authorized by either a statute or court rule. *See Taylor Constr. Co. v.*

*Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (providing that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). Because the parties had previously stipulated to consolidate these two appeals, this court deferred ruling on that stipulation and suspended the briefing in both appeals.

In appellant Markowitz's timely response to the order to show cause, he asserted that this court has jurisdiction to consider this appeal under NRS 155.190(1)(k), (m), or (n), or under NRAP 3A(b)(1) because the order is a final judgment. Because the May 29 order only denies appellant's request to declare the trust revoked, however, it does not determine heirship or the persons to whom distribution must be made, *see* NRS 155.190(1)(k), especially as the May 29 order recognizes that property may still pass through both the trust and the will. The May 29 order also does not make a decision regarding an amount in controversy in excess of $10,000. *See* NRS 155.190(1)(n). While the order may eventually affect the distribution of assets that are in excess of $10,000, it does not directly resolve any controversy as to assets in excess of $10,000. Further, the May 29 order does not refuse to make any order mentioned in NRS 155.190(1) because that statute does not address orders concerning a petition to declare a trust revoked. NRS 155.190(1)(m). Lastly, the May 29 order is not a final judgment resolving all pending issues in the probate action, which remains pending below. *See* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426-27, 996 P.2d 416, 417 (2000). Accordingly, as Markowitz failed to demonstrate jurisdiction, we conclude that dismissal of this appeal is warranted, and we order the dismissal of the appeal in Docket No. 65983.

Because the appeal in Docket No. 65983 has been dismissed, we deny as moot the parties' motion to consolidate these two appeals. Thus, we reinstate the briefing schedule in Docket No. 63960. Appellant shall have 45 days from the date of this order to file and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Gloria Sturman, District Judge
       Callister & Frizell
       Clear Counsel Law Group
       Goodsell & Olsen
       Eighth District Court Clerk

---

[1]Because William Fink's reply to the response to the order to show cause has already been filed, we deny as moot his September 22, 2014, motion for leave to file excess pages.