An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEAN KIM,
Appellant,
vs.
MEADOWOOD MALL, SPE, LLC,
Respondent.

No. 64100

**FILED**

OCT 2 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER DISMISSING APPEAL*

This is an appeal from a district court order dismissing a complaint in a tort action. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

When our preliminary review of this appeal revealed a potential jurisdictional defect, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. It appeared that the district court had not entered a final, written judgment adjudicating all the rights and liabilities of all the parties because respondent's counterclaims remained pending below. *See* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). We noted in our show cause order that the district court improperly certified the August 26, 2013, order as final under NRCP 54(b) in an attempt to resolve the pending counterclaims. NRCP 54(b) allows the district court to certify an order as final only when the order completely removes a party from the district court action, and the rule does not permit certification when fewer than all claims pertaining to a party are resolved. Moreover, NRCP 54(b) certification requires an express finding of no just reason for delay and express entry of a judgment; thus certification cannot be used as a substitution for the formal dismissal of a claim. *See Taylor Constr. Co. v.*

SUPREME COURT
OF
NEVADA

(0) 1947A

14-35627

*Hilton Hotels, Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (stating that a court cannot create finality through NRCP 54(b) certification when an order is not amenable to certification); *see also KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342, 810 P.2d 1217, 1219 (1991) (noting that a party's intent not to pursue a counterclaim does not render the claim moot or operate to formally dismiss the claim). Thus, despite the district court's attempt to create finality, NRCP 54(b) certification was improper, and respondent's counterclaims remain pending below.

We cautioned appellant that failure to demonstrate that this court has jurisdiction could result in this court's dismissal of this appeal. To date, appellant has not filed a timely response to this court's show cause order, which was due on October 6, 2014. Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Jerome Polaha, District Judge
        Jonathan H. King
        Kaempfer Crowell/Reno
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A