An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RG ELECTRIC, INC.,
Appellant,
vs.
DAN ELLIS COLE, INDIVIDUALLY
AND D/B/A COLE WILSON; COLE
WILSON; JOHN PAUL WILSON,
INDIVIDUALLY AND D/B/A COLE
WILSON; LCW CONTRACTORS, INC.,
A CALIFORNIA CORPORATION;
TRAVELERS CASUALTY & SURETY, A
SURETY; AND SURETEC INSURANCE
COMPANY, A TEXAS CORPORATION,
Respondents.

No. 65043


FILED

JAN 30 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

RG ELECTRIC, INC.,
Appellant,
vs.
DAN ELLIS COLE, INDIVIDUALLY
AND D/B/A COLE WILSON; JOHN
PAUL WILSON, INDIVIDUALLY AND
D/B/A COLE WILSON; COLE WILSON;
LCW CONTRACTORS, INC., A
CALIFORNIA CORPORATION;
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA, A
SURETY; AND SURETEC INSURANCE
COMPANY, A TEXAS CORPORATION,
Respondents.

No. 65633

ORDER PARTIALLY DISMISSING APPEAL (DOCKET NO. 65043),
DISMISSING APPEAL (DOCKET NO. 65633), AND DIRECTING
APPELLANT TO SHOW CAUSE WHY THE DISTRICT COURT ORDER
IN DOCKET NO. 65043 SHOULD NOT BE SUMMARILY AFFIRMED

These are appeals from a January 24, 2014, district court order granting a motion to reconsider an order that (1) withdrew an earlier order dismissing the action, (2) consolidated the underlying action with another district court action, and (3) allowed arbitration to proceed (Docket No. 65043); and from an April 9, 2014, district court order

15- 03253

clarifying the effect of the January 24 order granting reconsideration (Docket No. 65633).[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Motion for partial dismissal of Docket No. 65043*

Respondents have filed a motion to partially dismiss the appeal in Docket No. 65043, or alternatively, to stay arbitration proceedings pending resolution of that appeal, arguing that, in the context of appealing from the January 24 order granting reconsideration of an earlier district court order reinstating the action in District Court Case No. 10-614185, appellant has impermissibly sought to appeal a subsequent decision, entered in the minutes, that deconsolidated the dismissed action, Case No. 10-614185, from an ongoing district court action, Case No. 13-689389. Respondents assert that the deconsolidation decision is not appealable and as a result of appellant's identifying that decision in its notice of appeal, the district court judge presiding over Case No. 13-689389 has refused to rule on respondents' pending summary judgment motion filed in that action. Appellant opposes partial dismissal, arguing that the deconsolidation decision is appealable as a special order after final judgment. Respondents have replied, asserting that they will withdraw the motion to dismiss so long as this court stays the arbitration proceedings that appellant initiated in the meantime.[2]

Having considered the parties' arguments, we dismiss the appeal as to any challenge to the deconsolidation decision. Absent deconsolidation, the January 24 order granting reconsideration would not

---

[1]The clerk of this court shall modify the caption of both dockets to conform to the caption of this order.

[2]Appellant's motion to file a sur-reply is denied.

be appealable, *see Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 797 P.2d 978 (1990) (recognizing that consolidated district court actions are treated as one case for appellate purposes), but a post-judgment district court determination deconsolidating a dismissed action from an ongoing action does not alter the dismissal itself or affect the parties' rights growing out of the judgment, and it is thus not subject to challenge on appeal. *See* NRAP 3A(b)(8); *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 678 P.2d 1152 (1984) (recognizing that generally this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). Accordingly, the appeal is Docket No. 65043 is dismissed as to the deconsolidation determination.[3]

*Dismissal of Docket No. 65633 for lack of jurisdiction*

After appellants appealed from the January 24 district court order granting reconsideration of the order reopening Case No. 10-614185, respondents apparently filed a motion seeking to stay the arbitration proceedings that appellants initiated to resolve the parties' underlying dispute. In resolving the stay motion, the district court entered an order on April 9, 2014, clarifying that the January 24 order granting reconsideration reversed all aspects of the earlier order, which reopened the case, consolidated it with Case No. 13-689389, and ordered that arbitration proceed. The court thus clarified that because it had no authority to reopen Case No. 10-614185, it likewise had no authority to order that arbitration may proceed, and the effect of the order granting reconsideration was to put the parties back into the same position they were in when the court originally dismissed the action in March 2013. In

---

[3]Respondents' alternative request for a stay of arbitration is denied.

its docketing statement, appellant contends that the April 9 clarification order is appealable as a final judgment under NRAP 3A(b)(1).

As no statute or court rule authorizes an appeal from a district court order clarifying the effect of an earlier order, we lack jurisdiction to consider appellant's appeal of the April 9 order clarifying the January 24 order. NRAP 3A(b); *Taylor Constr. Co.*, 100 Nev. 207, 678 P.2d 1152. We therefore dismiss the appeal in Docket No. 65633, but in so doing, we note that appellant may challenge any aspect of the January 24 order granting reconsideration in its appeal in Docket No. 65043, including its effect of rescinding the earlier decision that arbitration may proceed.[4]

*Appellant is directed to show cause why Docket No. 65043 should not be summarily affirmed.*

Although this court has jurisdiction to consider appellant's appeal from the January 24 district court order granting reconsideration and rescinding the order that reinstated the dismissed case, before reinstating briefing in that appeal, appellant is directed to show cause why the district court's order should not be summarily affirmed. In particular, because the district court appears to have properly concluded that it lacked jurisdiction to reinstate Case No. 10-614185, which was previously dismissed in a March 5, 2013, order, it likewise appears that the court properly granted reconsideration of the order reinstating the case, such that summary affirmance of the reconsideration order is warranted. *See SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007) (providing that "once a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure"). Under

---

[4]In light of the dismissal of the appeal in Docket No. 65633, appellant's motion to consolidate Docket Nos. 65043 and 65633 is denied.

this authority, it appears that if appellant wanted to reopen the finally adjudicated case, such a request needed to be made in conformity with the Nevada Rules of Civil Procedure.[5]   Because appellant's November 19, 2014, motion to reopen the case failed in this regard, the district court appears to have lacked jurisdiction to grant the motion.  *Id.*; *see* EDCR 2.90(c) (allowing a party whose action is dismissed for failure to prosecute to seek reinstatement within 30 days of the dismissal); NRCP 60(b) (providing that a party generally must file a motion for relief from judgment within six months after the proceeding was taken or the date when written notice of entry of the order is served).   Accordingly, appellant shall have 20 days from the date of this order to show cause why the appeal in Docket No. 65043 should not be summarily affirmed. Respondents shall have 11 days from service of appellant's response to file and serve any reply.  Briefing in Docket No. 65043 remains suspended.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[5]Appellant asserts in its docketing statement that it properly challenged the March 5, 2013, order by way of its November 19, 2013, NRCP 60(a) motion.  The March 5 order, however, dismissed the case under EDCR 2.90 for failure to prosecute, and thus, even if it was incorrect to dismiss on that ground, the district court's decision to do so is not the type of error contemplated for correction under NRCP 60(a).

cc:    Hon. Michelle Leavitt, District Judge
Backus, Carranza & Burden
Peel Brimley LLP/Henderson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A