An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | | |
|---|---|---|
| JAVAD KAVIANI, | Appellant, | No. 66978 |
| vs. | | |
| FATEMEH VAZIRI, | Respondent. | |
| | | |
| JAVAD KAVIANI, | Appellant, | No. 67156 |
| vs. | | |
| FATEMEH VAZIRI, | Respondent. | |

**FILED**

JUN 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEALS

Docket No. 66978 is an appeal from a family court "Order on Plaintiff's Motion for Declaratory Judgment Regarding Marital Status" and an "Amended Order on Plaintiff's Motion for Declaratory Judgment Regarding Marital Status." Docket No. 67156 is an appeal from a family court order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Gayle Nathan, Judge.

When our preliminary review of the documents submitted to this court revealed potential jurisdictional defects, we ordered appellant to show cause why these appeals should not be dismissed for lack of jurisdiction. Specifically, we noted that the family court's November 14, 2014, amended order allowed respondent to file an amended complaint

15-16692

that related back to the original complaint. Respondent did so and it appeared that the complaint remained pending in the family court. It thus did not appear that the family court had entered a final, written judgment adjudicating all the rights and liabilities of the parties in this matter. *See* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). And although the family court certified its November 14, 2014, order as final, the certification was improper because it did not completely remove a party from the action and was thus not amenable to NRCP 54(b) certification. *See Taylor Constr. Co. v. Hilton Hotels, Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (a court cannot create finality through NRCP 54(b) certification when an order is not amenable to certification). Where it did not appear that a final written order had been entered, it also did not appear that the family court order awarding attorney fees and costs was appealable as a special order after final judgment under NRAP 3A(b)(8).

In his response to this court's order, appellant concedes that the family court proceedings are ongoing. He nevertheless contends that the November 14, 2014, order is a final judgment because it resolves the single issue that was the basis for the transfer to family court. Appellant also asserts that at the time the November 14, 2014, order was entered, no valid complaint existed in family court. We disagree.

The amended complaint was filed in the family court on October 30, 2014. It does not appear that any court order declared the complaint void or otherwise resolved the amended complaint. The claims asserted in the amended complaint were thus pending at the time the November 14, 2014, order was entered such that that order is not a final judgment. To the extent appellant argues that the amended complaint

 

should be treated as void in the absence of a court order declaring it to be void, he provides no support for such treatment and we decline to do so.

Because claims remain pending in the family court, neither the October 30, 2014, "Order on Plaintiff's Motion for Declaratory Judgment Regarding Marital Status" nor the November 14, 2014, "Amended Order on Plaintiff's Motion for Declaratory Judgment Regarding Marital Status" is a final judgment pursuant to NRAP 3A(b)(1). *See also* NRS 30.090 (declaratory judgments "may be reviewed as other orders, judgments and decrees"). And no other statute or court rule provides for an appeal from an order resolving a motion for declaratory judgment regarding marital status. *See* NRAP 3A(b) (listing orders and judgments from which an appeal may be taken); *see also Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (noting that this court generally has authority to consider an appeal only when authorized by statute or court rule). Accordingly, we conclude that we lack jurisdiction over the appeal in Docket No. 66978.

In the absence of a final judgment, the family court order awarding attorney fees and costs is not substantively appealable as a special order after final judgment, NRAP 3A(b)(8), and no other statute or court rule provides for an appeal from such an order. *See* NRAP 3A(b) (listing orders and judgments from which an appeal may be taken); *see also Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (noting that this court generally has authority to consider an appeal only when authorized by statute or court rule).

We thus also conclude that we lack jurisdiction over the appeal in Docket No. 67156, and we

ORDER these appeals DISMISSED.[1]

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                      Pickering

cc:    Hon. Gayle Nathan, District Judge
       Robert E. Gaston, Settlement Judge
       Neil J. Beller, Ltd.
       Brennan Legal Counsel Group, PLLC
       Eighth District Court Clerk

---

[1]Given these dismissals, appellant's motions for a stay pending appeal in Docket No. 66978 and to consolidate these appeals and the appeal in Docket No. 66968 are denied as moot. Appellant's motions to seal the documents attached to his responses to the order to show cause are granted. *Cf.* SRCR 7. The clerk of this court shall file the exhibits received on March 18, 2015, in Docket No. 66978, and March 24, 2015, in Docket No. 67156, under seal.