# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE LAPRADE
FAMILY TRUST ORIGINALLY DATED
JANUARY 25, 1996 AND RESTATED
ON SEPTEMBER 23, 2011,

ARNE LAPRADE,
Appellant,
vs.
ERIK LAPRADE,
Respondent.

No. 67570

FILED

MAR 2 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from a district court order confirming a report and recommendation of the probate commissioner in a trust matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In this appeal, Arne LaPrade (Arne) argues that: (1) this court has jurisdiction to hear his undue influence and conflict of interest arguments; (2) the district court abused its discretion by failing to adequately address Arne's argument that Erik LaPrade's (Erik) counsel has a conflict of interest because Erik's counsel represents Erik as trustee and owes Arne a duty of care under *Charleson v. Hardesty*, 108 Nev. 878, 882-83, 839 P.2d 1303, 1306-07 (1992)[1]; (3) the district court's conclusions

---

[1]Although we conclude that the district court abused its discretion by failing to conduct an evidentiary hearing and by failing to conduct the balancing test required under *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 53-54, 152 P.3d 737, 742-43 (2007), we direct the parties and the district court to consider on remand NRS 162.310(1), which states that "[a]n attorney who represents a fiduciary does not, solely as a result of such attorney-client relationship, assume a corresponding
*continued on next page . . .*

regarding Arne's undue influence claim are not supported by substantial evidence; (4) the district court erred in accepting the typewritten list for the distribution of personal property; and (5) the district court incorrectly concluded that section 5.2 of the restated trust creates a specific bequest for Erik.

For the reasons stated below, we conclude that the district court erred in failing to conduct an evidentiary hearing regarding Arne's undue influence and conflict of interest arguments. However, we decline to address the other issues on appeal because the resolution of those issues may be influenced by the outcome of the undue influence and conflict of interest claims.[2] We therefore vacate the district court's order and remand this matter to the district court so that it may further address the issues and develop the record. Since the parties are familiar with the facts and procedural history of the case, we do not recount them further except as necessary for our disposition.

---

*. . . continued*

duty of care or other fiduciary duty to a principal." It appears that the parties and the district court overlooked NRS 162.310. The legislative history of the statute clearly indicates that it was enacted in response to *Charleson*, 108 Nev. at 882-83, 839 P.2d at 1306-07. *See* Hearing on S.B. 221 Before the Senate Judiciary Comm., 76th Leg. (Nev., March 21, 2011); *see also* Hearing on S.B. 221 Before the Assembly Judiciary Comm., 76th Leg. (Nev., May 2, 2011).

[2]It has also been brought to our attention that there is a pending action in the district court challenging the trust on the basis of undue influence, fraud, and mistake. In the interest of judicial economy, the district court should consider consolidating this matter with the pending action.

As a preliminary matter, we first conclude that this court has jurisdiction to hear Arne's undue influence and conflict of interest arguments. If an order constitutes a final judgment, then it is substantively appealable under NRAP 3A(b)(1) (permitting an appeal from a final judgment in a civil action). The finality of an order or judgment depends on "what the order or judgment actually *does*, not what it is called." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994). To be final, an order or judgment must "dispose[ ] of all the issues presented in the case, and leave[ ] nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). Where all issues have been rendered moot by the district court's order, the judgment is final. *See KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342-43, 810 P.2d 1217, 1219 (1991) (reasoning that partial summary judgment was not a final appealable judgment where district court order dismissed plaintiff's claims against defendant but did not render defendant's counterclaims moot). Here, the district court order failed to address Arne's undue influence and conflict of interest arguments. Nonetheless, we conclude that the district court order rendered those arguments moot and left nothing for the future consideration of the court. Therefore, we conclude that the district court order constitutes a final, appealable judgment.

We next conclude that the district court abused its discretion by failing to conduct an evidentiary hearing to adequately address Arne's conflict of interest argument and by failing to undertake the balancing test required under *Nev. Yellow Cab Corp.*, 123 Nev. at 53-54, 152 P.3d at 742-43 (holding that "a district court must undertake a balancing test in

determining whether disqualification is warranted in a particular situation" and providing that this court reviews a district court's ruling on disqualification for a manifest abuse of discretion). Here, the probate commissioner refused to make a ruling regarding Arne's conflict of interest argument and the district court thereafter refused to make any findings concerning the same. *See Carson Ready Mix, Inc.*, 97 Nev. at 476, 635 P.2d at 277 ("We cannot consider matters not properly appearing in the record on appeal.").

We further conclude that the district court erred by failing to adequately address Arne's undue influence claim and that the district court's tacit dismissal of this issue is not supported by substantial evidence. *See In re Estate of Bethurem*, 129 Nev., Adv. Op. 92, 313 P.3d 237, 242 (2013) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation omitted)). The probate commissioner made no findings regarding Arne's argument that Erik exerted undue influence on the trustor, Ludmilla LaPrade. The district court explicitly refused to address any arguments that were not included in the probate commissioner's report, including Arne's undue influence argument. Accordingly, neither the probate commissioner nor the district court determined whether there is a presumption of undue influence by a preponderance of the evidence. *See In re Estate of Bethurem*, 129 Nev., Adv. Op. 92, 313 P.3d at 241 (stating that "a presumption of undue influence arises when a fiduciary relationship exists and the fiduciary benefits from the questioned transaction" (internal quotation omitted)). As neither the district court nor the probate commissioner addressed the issue of undue influence, we conclude that the district court erred by failing to conduct an evidentiary



hearing and that the district court's tacit dismissal of this issue is not supported by substantial evidence.

Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C. J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

_____

[3]The Honorable James W. Hardesty, Justice, voluntarily recused himself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Gloria Sturman, District Judge
Marquis Aurbach Coffing
Grant Morris Dodds PLLC
Jeffrey Burr, Ltd.
Eighth District Court Clerk