# IN THE SUPREME COURT OF THE STATE OF NEVADA

HELIX ELECTRIC OF NEVADA, LLC,
Appellant,

vs.

APCO CONSTRUCTION, INC., A
NEVADA CORPORATION,
Respondent.

No. 76276

FILED

JUL 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order entering judgment against appellant. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

When review of appellant's amended docketing statement revealed that it was incomplete, this court ordered appellant to file and serve an amended docketing statement that contained a complete response to item 23. Appellant filed a second amended docketing statement but that document still did not contain all required information. It was thus unclear whether the district court had entered a final judgment appealable under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). Accordingly, this court entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. The order noted that the underlying case is extraordinarily complex, involving dozens of parties and multiple consolidated cases. Appellant was directed to provide specific information regarding each claim, counterclaim, third-party claim, and complaint in intervention asserted.

Having reviewed appellant's response, as well as the attached exhibits, appellant fails to demonstrate that the district court has entered

19-29720

a final judgment in the constituent case. *See Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) (stating that the burden of establishing appellate jurisdiction lies with appellant). Appellant states that several claims and counterclaims were abandoned and not expressly resolved in a district court order but asserts that these claims are fully resolved due to the application of claim preclusion. Whether or not the claims may be brought again in future litigation is a separate inquiry from whether all asserted claims have been fully resolved so as to invoke this court's jurisdiction under NRAP 3A(b)(1). As noted in this court's order to show cause, the fact that a party was not inclined to pursue a claim does not operate as a formal dismissal of that claim. *KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342, 810 P.2d 1217, 1219 (1991). Accordingly, it appears that the order challenged in this appeal is not appealable as a final judgment. As no other statute or court rule appears to authorize an appeal from the challenged order, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), it appears this court lacks jurisdiction and

ORDERS this appeal DISMISSED.[1]

_____ *Pickering* _____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[1]Given this dismissal, the motion to consolidate this appeal with Docket No. 77320 is denied as moot. This court will determine its jurisdiction in Docket No. 77320 at a later date.

cc: Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Peel Brimley LLP/Henderson
Fennemore Craig, P.C./Las Vegas
Marquis Aurbach Coffing
Spencer Fane LLP/Las Vegas
Fennemore Craig, P.C./Phoenix
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A