## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WORLDWIDE HOLDING, LLC, A NEVADA LIMITED LIABILITY COMPANY; HEALTH CARE CENTER OF SOUTHERN NEVADA, INC., A NEVADA CORPORATION; A.S.F. SIDDIQUI, M.D., LTD., A NEVADA PROFESSIONAL CORPORATION; AND ABDUL SAMI F. SIDDIQUI, AN INDIVIDUAL,<br><br>                              Appellants,<br>vs.<br>E. LAKE MEAD BOULEVARD TRUST; AND CHEMICAL BANK, A MICHIGAN STATE-CHARTERED BANK,<br><br>                              Respondents. | No. 76718<br><br>**FILED**<br><br>NOV 15 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>      DEPUTY CLERK |
| WORLDWIDE HOLDING, LLC, A NEVADA LIMITED LIABILITY COMPANY; HEALTH CARE CENTER OF SOUTHERN NEVADA, INC., A NEVADA CORPORATION; A.S.F. SIDDIQUI, M.D., LTD., A NEVADA PROFESSIONAL CORPORATION; AND ABDUL SAMI F. SIDDIQUI, AN INDIVIDUAL,<br><br>                              Appellants,<br>vs.<br>E. LAKE MEAD BOULEVARD TRUST; AND CHEMICAL BANK, A MICHIGAN STATE-CHARTERED BANK,<br><br>                              Respondents. | No. 77338 |

### ORDER DISMISSING APPEALS

Docket No. 76718 is an appeal from district court orders granting summary judgment and entering judgment. Docket No. 77338 is an appeal from an order awarding attorney fees and costs and an amended judgment. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

This court previously ordered appellants to show cause why these appeals should not be dismissed for lack of jurisdiction. It appeared that the

 
19-46948

district court had not yet entered a final judgment appealable under NRAP 3A(b)(1) because respondent E. Lake Mead Boulevard Trust's counterclaims remained pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). It further appeared that without a final judgment, the order awarding attorney fees and costs was not appealable as a special order after final judgment. *See* NRAP 3A(b)(8).

In response, appellants acknowledge that at least one claim remains pending in the district court. Accordingly, it appears that the district court has not yet entered a final judgment.[1] In the absence of a final judgment, the orders challenged in Docket No. 77338 are not appealable as special orders after final judgment. And no other statute or court rule appears to authorize appeals from any of the challenged orders. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, this court lacks jurisdiction and

ORDERS these appeals DISMISSED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[1]To the extent appellants suggest that a final judgment has been entered because the counterclaims were abandoned, this contention lacks merit. *See KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342-43, 810 P.2d 1217, 1219 (1991) (the fact that a party is not inclined to pursue its counterclaim "does not render the counterclaim moot or operate as a formal dismissal of the claim").

[2]Any aggrieved party may file a new notice of appeal once the district court enters a final judgment.

cc: Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Flangas Law Firm, Ltd.
Holland & Hart LLP/Las Vegas
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk