IN THE SUPREME COURT OF THE STATE OF NEVADA

WHITE WINSTON SELECT ASSET FUND SERIES FUND MP-18, LLC; WHITE WINSTON SELECT ASSET FUNDS, LLC; AND BRENT BAKER,
Appellants,
vs.
MUSCLEPHARM CORPORATION; RYAN DREXLER; BRIAN CASUTTO; WILLIAM BUSH; AND JOHN DESMOND,
Respondents.

No. 80196

FILED

SEP 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This court previously issued an order to show cause as to why this appeal should not be dismissed for lack of jurisdiction, noting that it appears the district court improperly certified its fee award as final under NRCP 54(b). As this court has explained, "[t]he district court, through such certification, cannot create finality when the order is not amenable to certification." *Taylor Const. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). Further, "[a]n NRCP 54(b) certification is not available to provide interlocutory appellate review of an order which does not constitute a final adjudication of fewer than all claims or the rights and liabilities of fewer than all the parties in an action." *Id.*

In their response to the order to show cause, appellants state they do not object to dismissal of this appeal, conceding that the district court improperly certified the challenged order as final. Respondents, however, contend that certification was proper because there was no reason for the district court to delay doing so. We disagree with respondents.

20-34767

As the underlying claims remain unresolved, certification would result in piecemeal litigation and defeat the purpose of NRCP 54(b). *See Hallicrafters Co. v. Moore*, 102 Nev. 526, 528-29, 728 P.2d 441, 443 (1986). Thus, because the district court's fee award was improperly certified as final, it is not substantively appealable as a special order after final judgment. *See* NRAP 3A(b)(8); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). Further, it does not appear that the challenged order is otherwise appealable at this time. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, we conclude that this court lacks jurisdiction and

ORDER this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. James Todd Russell, District Judge
David Wasick, Settlement Judge
Ballard Spahr LLP/Las Vegas
Kaempfer Crowell/Reno
Kasowitz Benson Torres LLP
Robison, Sharp, Sullivan & Brust
Allison MacKenzie, Ltd.
Carson City Clerk

