IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES OLSON; AND SHERRY OLSON,
HUSBAND AND WIFE,
                Appellants,
         vs.
GAGE VILLAGE COMMERCIAL
DEVELOPMENT, LLC, A CALIFORNIA
LIMITED LIABILITY COMPANY; MEI-
GSR HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AM-
GSR HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
GRAND SIERRA RESORT UNIT
OWNERS' ASSOCIATION, A NEVADA
NON-PROFIT CORPORATION,
                Respondents.

No. 82286

FILED

JUN 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect. It appeared the challenged order is not a final judgment appealable under NRAP 3A(b)(1) because, as appellants conceded in their docketing statement, respondent MEI-GSR Holdings, LLC's counterclaim remained pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). It also appeared that the order is not

appealable under NRAP 3A(b)(3), which permits appeals from orders "granting or refusing to grant an injunction or dissolving or refusing to dissolve an injunction." Although appellants asserted that the order refuses "to grant a claim for specific performance of a contract, which is a form of injunctive relief," it did not appear that any motion for a preliminary injunction was ever filed in the district court and the district court order does not purport to deny a preliminary injunction or discuss the factors used when considering whether to grant a preliminary injunction. Accordingly, this court ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

Having considered appellants' response and respondents' reply, we are not convinced that the challenged district court order is substantively appealable. Appellants do not demonstrate that the order denying a claim for specific performance is appealable under NRAP 3A(b)(3) as an order denying an injunction, especially where no injunction was sought in the complaint, no motion for an injunction was filed, the challenged order does not purport to deny an injunction, and the district court did not discuss the factors used when considering whether to grant a preliminary injunction. The order is also not appealable as a final judgment under NRAP 3A(b)(1) because respondents' counterclaim remains pending in the district court. *See KDI Sylvan Pools, Inc. v. Workman*, 107 Nev. 340, 342, 810 P.2d 1217, 1219 (1991) ("The fact that [a party] may not be inclined to pursue his counterclaim . . . does not render the counterclaim moot or operate as a formal dismissal of the claim."). And no other statute or court rule appears to authorize an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this

court "may only consider appeals authorized by statute or court rule"). Accordingly, as it appears this court lacks jurisdiction, we

ORDER this appeal DISMISSED.[1]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Lynne K. Simons, District Judge
Jonathan L. Andrews, Settlement Judge
Gunderson Law Firm
Lewis Roca Rothgerber Christie LLP/Las Vegas
Lewis Roca Rothgerber Christie LLP/Reno
Washoe District Court Clerk

---

[1]Any aggrieved party may file an appeal from the final judgment once it is entered by the district court.