OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court determining an attorney’s lien. The attorney has filed this appeal. Respondent, the attorney’s former client and the plaintiff in the action below, filed a motion to dismiss the appeal on the grounds that appellant is not a party to the action and therefore has no standing to appeal. NRAP 3A(a). Appellant opposes the motion.
 

 Respondent hired appellant to represent her in a personal injury suit against the Hard Rock Cafe. Appellant filed an action on behalf of respondent, filed several subsequent documents and initiated discovery. Appellant then substituted out of the case and
 
 *1521
 
 filed a notice of attorney’s lien for his fees and costs pursuant to NRS 18.015. Respondent settled her suit with the Hard Rock Cafe and then moved for a determination of appellant’s attorney’s lien. The district court ordered the attorney’s fees stricken from the lien and granted appellant only his costs. Appellant appeals from the district court’s order.
 

 Respondent contends that the appeal should be dismissed because appellant lacks standing to appeal as he was not a party to the action below. We agree.
 
 See
 
 NRAP 3A(a). To qualify as a party, an entity must have been named and served. Rae v. All American Life & Cas. Co., 95 Nev. 920, 922, 605 P.2d 196, 197 (1979).
 

 Pursuant to NRAP 3A(a), we have consistently held that only an aggrieved party may appeal from an adverse decision.
 
 See, e. g.,
 
 Valley Bank of Nevada v. Ginsburg, 110 Nev. 440, 874 P.2d 729 (1994) (holding that non-party shareholders were not “parties” with standing to appeal from an order approving settlement of a derivative action and they should instead seek review by extraordinary writ); Gladys Baker Olsen Fam. Trust v. Olsen, 109 Nev. 838, 858 P.2d 385 (1993) (holding that family trust had no standing as a party to appeal from an order issued in an action to enforce compliance with a spousal support agreement and relief by writ petition was the proper remedy); Aetna Life & Casualty v. Rowan, 107 Nev. 362, 812 P.2d 350 (1991) (holding that no appeal lies from the denial of a motion to intervene because the entity which moved unsuccessfully for intervention never became a party to the action). While each of the above claimants was arguably “aggrieved,” like appellant, none was named as a party. Accordingly, none had a right to appeal. NRAP 3A(a).
 

 Finally, in an analogous context, this court has specifically determined that an attorney representing a client in a case is not a party to the action and does not have standing to appeal. Albany v. Arcata Associates, 106 Nev. 688, 799 P.2d 566 (1990). Appellant here is not a party to his client’s case and has no standing to appeal from the order determining his attorney’s lien. Appellant’s proper recourse is through a petition for extraordinary writ.
 
 Id.
 
 at 609 n.1, 799 P.2d at 567 n.1.
 

 Accordingly, we grant respondent’s motion to dismiss, and we dismiss this appeal for lack of jurisdiction.