ANDREA MORAN, Appellant, v. BONNEVILLE SQUARE ASSOCIATES, a Nevada Limited Partnership; AMTECH ELEVATOR SERVICES, a Foreign Corporation; and B. MAX, INC., dba MAXTON MANUFACTURING, a Foreign Corporation, Respondents.

No. 36433

June 27, 2001

25 P.3d 898

*Kirk T. Kennedy,* Las Vegas, for Appellant.

*Pico & Mitchell* and *Daniel E. Carvalho,* Las Vegas, for Respondent Bonneville Square Associates.

*Rawlings Olson Cannon Gormley & Desruisseaux* and *Bryan W. Lewis,* Las Vegas, for Respondent Amtech Elevator Services.

*Law Offices of Robert A. Weaver,* Las Vegas, for Respondent B. Max, Inc., dba Maxton Manufacturing.

526

Before YOUNG, LEAVITT and BECKER, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a judgment on a jury verdict, and an order denying appellant's motion for additur, in a personal injury action. Our preliminary review of the documents transmitted to this court pursuant to NRAP 3(e), along with the docketing statement, revealed several potential jurisdictional defects. Accordingly, we ordered appellant Andrea Moran to show cause why this appeal should not be dismissed for lack of jurisdiction.

In addition, that same order directed Moran's counsel, Kirk T. Kennedy, to demonstrate why he should not be sanctioned under

NRAP 14(c) for his failure to provide full and accurate responses to various docketing statement requests, including requests 17 and 23. The docketing statement submitted to this court by Kennedy contained the required, signed verification in which he declared that "the information provided in [the] docketing statement is true and complete."

Docketing statement request 17 unambiguously required counsel to (1) disclose that a motion for new trial pursuant to NRCP 59 was filed, and (2) attach to the docketing statement a copy of the written order resolving the motion for new trial. Kennedy, however, failed to disclose that the motion for new trial was filed and failed to attach a copy of the written order denying the motion.

Request 23 instructed counsel to "[a]ttach copies of the last-filed version of all complaints, counterclaims, and/or cross-claims filed in the district court." Nevertheless, Kennedy failed to attach a copy of respondent B. Max, Inc.'s last-filed cross-claims.[1]

The importance of the docketing statement in a civil appeal is clearly set forth in NRAP 14(a). As stated in the rule, "[t]he purpose of the docketing statement is to assist the Supreme Court in identifying jurisdictional defects, scheduling cases for oral argument and settlement conferences, classifying cases for expedited treatment, and compiling statistical information."

Since this court is one of limited, appellate jurisdiction, we may not presume that we have jurisdiction over a docketed appeal.[2] Rather, the burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction.

The docketing statement has specifically evolved over the years to aid us in making a preliminary assessment as to whether jurisdiction over a given appeal exists. Whereas appellate counsel may be intimately familiar with the multitude of proceedings before the district court and their outcomes, this court has no such familiarity with the underlying case when an appeal is initially docketed. The only materials from which we may preliminarily assess the existence or non-existence of appellate jurisdiction are those few documents transmitted to us by the clerk of the district court,[3]

---

[1]We further note that the directions on the first page of the docketing statement requested that counsel "use tab dividers to separate any attached documents." Kennedy also failed to comply with this request.

[2]Nev. Const. art. 6, § 4; *see Taylor Constr. Co. v. Hilton Hotels,* 100 Nev. 207, 678 P.2d 1152 (1984).

[3]See NRAP 3(e), which reads:

Upon the filing of the notice of appeal, the clerk of the district court shall immediately transmit to the clerk of the Supreme Court . . . two

coupled with the docketing statement and its attachments, prepared by counsel.

Consequently, the current docketing statement form contains a conspicuous admonition on the first page:

### WARNING

This statement must be completed fully, accurately and on time. NRAP 14(c). The Supreme Court may impose sanctions on counsel or appellant if it appears that the information provided is incomplete or inaccurate. *Id.* Failure to attach documents as requested in this statement, completely fill out the statement, or to fail to file it in a timely manner, will constitute grounds for the imposition of sanctions, including a fine and/or dismissal of the appeal.

This court has noted that when attorneys do not take seriously their obligations under NRAP 14 to complete the docketing statement properly and conscientiously, they waste the valuable judicial resources of this court, making the imposition of sanctions appropriate. . . .

As pointed out in the docketing statement, when appellate counsel fail to fully comply with NRAP 14, this court is needlessly forced to allocate its limited resources in an effort to address the deficiencies. Here, since attorney Kennedy did not provide essential information in the docketing statement and did not attach all required documentation, we necessarily issued an order directing the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction. Thereafter, we were required to invest additional resources in tracking and evaluating the response. This process consumed untold hours and needlessly delayed resolution of the appeal.[4]

Specifically, in response to docketing statement request 17, Kennedy failed to disclose the existence of a motion for new trial and failed to attach a copy of the district court's written order resolving the motion. These failures frustrated our preliminary jurisdictional assessment, as an NRCP 59 motion for new trial is

(2) certified, file-stamped copies of the following documents: (1) notice of appeal; (2) case appeal statement; (3) the district court docket entries; (4) the judgment(s) or order(s) appealed from; (5) any notice of entry of the judgment(s) or order(s) appealed from; (6) any certification order directing entry of judgment pursuant to NRCP 54(b); (7) the minutes of the district court proceedings; and (8) a list of exhibits offered into evidence, if any.

[4]On June 13, 2001, we dismissed this appeal for lack of jurisdiction in an unpublished order.

one of the post-judgment motions expressly identified in NRAP 4(a)(2) as a tolling motion. A timely-filed tolling motion terminates the running of the time for filing a notice of appeal,[5] and a notice of appeal filed after the timely filing of a post-judgment tolling motion, but before the formal disposition of the motion, is ineffective and fails to vest jurisdiction in this court.[6]

Thus, under NRAP 4(a)(2), a single written order entered by a district court formally resolving a post-judgment tolling motion can be dispositive as to whether an appeal has been perfected. This tenet, that a single written, district court order can indicate whether we have jurisdiction over an appeal, is implicitly recognized by docketing statement request 17.

Docketing statement request 23 is no less important than request 17. As a general rule, an appeal may not be taken before the entry of a final written judgment.[7] A final written judgment adjudicates all the rights and liabilities of all the parties.[8] It is, therefore, imperative that counsel attach to the docketing statement file-stamped copies of the last-filed version of all com-

---

[5]See NRAP 4(a)(2), which reads:

> The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Nevada Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the date of service of written notice of entry of any of the following orders made upon a timely motion under such Rules: (i) granting or denying a motion for judgment under N.R.C.P. 50(b); (ii) granting or denying a motion under N.R.C.P. 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) granting or denying a motion under N.R.C.P. 59 to alter or amend the judgment; (iv) granting or denying a motion for a new trial under N.R.C.P. 59. A notice of appeal filed before the formal disposition of any timely post-judgment motion enumerated in this subdivision shall have no effect. A notice of appeal must be filed after the entry of a written order of the district court resolving any of the post-judgment motions enumerated in this subdivision and no later than thirty (30) days from the date of service of written notice of entry of that order.

[6]See id.

[7]See NRAP 3A(b)(1); Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987).

[8]See Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (explaining that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues"); see also Rae v. All American Life & Cas. Co., 95 Nev. 920, 605 P.2d 196 (1979).

plaints, counterclaims, and/or cross-claims filed in the district court. In many appeals, our review of those documents assists in determining whether a particular claim, counterclaim, or cross-claim remains pending before the district court. In such instances, absent a valid and proper NRCP 54(b) certification,[9] we lack jurisdiction over the appeal, given the notice of appeal is prematurely filed, before the entry of a final written judgment.[10]

As we stated more than ten years ago in *KDI Sylvan Pools v. Workman,* "[w]hen attorneys do not take seriously their obligations under NRAP 14 to properly and conscientiously complete the docketing statement, they waste the valuable [and limited] judicial resources of this court, making the imposition of sanctions appropriate."[11] In that case, we sanctioned the appellant's and cross-appellant's attorneys one hundred dollars each for their respective, deficient docketing statements. Here, in response to our show cause order, Kennedy admits to "the obvious flaws in the docketing statement[,]" and that he "made neglectful errors in the completion of the docketing statement." Like the responses in *KDI Sylvan Pools,* Kennedy's response indicates that he did not consider the docketing statement "important enough to warrant [his] careful attention."[12]

Kennedy is not alone; many attorneys apparently pay little attention to the docketing statement before submitting it to this court, even though the statement contains a prominent warning that sanctions may result. Consequently, this court issues innumerable show cause orders in an attempt to obtain needed information regarding jurisdiction—information that should have been included in the docketing statement. We have previously sanctioned various attorneys in unpublished orders because they were careless in completing the docketing statement; we issue this opinion so that all state bar members are on notice that sanctions may result if the docketing statement is not fully and accurately completed, with all required documentation attached.[13]

---

[9]*See Mallin v. Farmers Insurance Exchange,* 106 Nev. 606, 797 P.2d 978 (1990); *Hallicrafters Co. v. Moore,* 102 Nev. 526, 728 P.2d 441 (1986).

[10]*See KDI Sylvan Pools v. Workman,* 107 Nev. 340, 342-43, 810 P.2d 1217, 1219 (1991).

[11]*Id.* at 344, 810 P.2d at 1220; *see also* NRAP 14(c).

[12]*KDI Sylvan Pools,* 107 Nev. at 344, 810 P.2d at 1220.

[13]We note that NRAP 14 is not the only Nevada Rule of Appellate Procedure that imposes affirmative obligations on appellate counsel. Violations of rules other than NRAP 14 are also customarily addressed by this court through unpublished orders imposing sanctions on the offending attorney. As we stated in *Smith v. Emery,* 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993), a case in which we imposed a one thousand dollar sanction on counsel for violating NRAP 28, "[w]e intend to impress upon the members

Accordingly, as a sanction for his conduct, attorney Kirk T. Kennedy shall, within thirty days from the date of this opinion, personally pay to the Clark County Law Library the sum of five hundred dollars. In addition, Kennedy shall provide the clerk of this court with proof of payment no later than fifteen days after he remits payment to the Clark County Law Library.

of the bar our resolve to end . . . lackadaisical practices . . . and to enforce the Nevada Rules of Appellate Procedure.''