An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GLADE L. HALL,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
BRENT T. ADAMS, DISTRICT JUDGE,
Respondents,
and
JILL OSWALT; AND MICHAEL
GERBER,
Real Parties in Interest.

No. 65658

FILED

APR 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of mandamus or prohibition challenges a district court order striking an attorney's charging liens.

Petitioner Glade L. Hall represented real parties in interest Jill Oswalt and Michael Gerber in personal injury and real property actions against their neighbors, the Currivans. After a trial in the personal injury action, Oswalt, Gerber, and the Currivans entered into a global settlement, whereby Oswalt and Gerber agreed to purchase the Currivans' property for $2.7 million, $1.2 million of which would be contributed to escrow by the Currivans and other parties. If Oswalt and Gerber were unable to provide the remaining $1.5 million, the Currivans would retain the property and the amount they contributed toward the purchase price.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11602

This settlement was entered into the record on March 4, 2014. Hall served notice of his charging lien in both actions on March 13, 2014. Escrow closed, with Oswalt and Gerber acquiring the Currivans' property, on June 27, 2014. Prior to escrow closing, Oswalt and Gerber moved to strike Hall's liens and Hall moved to adjudicate them. The district court granted the motion to strike, finding that the liens did not attach to the settlement proceeds because Hall did not serve notice of the liens prior to the settlement being placed on the record. This writ petition followed.[1]

In his writ petition, Hall argues that he has valid charging liens that attached to the Currivans' escrow payment, while Oswalt and Gerber argue that Hall did not diligently perfect his liens, that the liens cannot attach to the March 4 settlement, and that, because he was discharged, Hall cannot assert the charging liens because he did not obtain the settlement for his client. The sought-after writs are available to correct a district court's arbitrary or capricious abuse of discretion or actions taken in excess of jurisdiction. NRS 34.160; NRS 34.320; *see also Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 531, 216 P.3d 779, 782 (2009) (reviewing de novo the validity of a charging lien); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) ("Statutory

---

[1]A writ petition is the appropriate method through which an attorney may challenge an adverse decision adjudicating an attorney's lien in the client's litigation because the attorney himself, as opposed to the client, has no right of appeal from the underlying action. NRS 34.170; NRS 34.330; *Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995). We reject Oswalt's and Gerber's argument that Hall's ability to file a separate action to collect on the fee agreements is an adequate legal remedy precluding writ relief.

interpretation is a question of law that we review de novo, even in the context of a writ petition.").

A charging lien may attach to money or property if notice of the lien is served prior to the recovery. NRS 18.015(3), (4)(a). Here, Hall served notice of his charging liens on March 13, after the March 4 settlement. In general, the charging liens would not attach to a settlement in these circumstances, because the liens were not perfected until after the settlement. *Id.* But in this case, the March 4 settlement was a contingent settlement, dependent upon Oswalt's and Gerber's ability to raise $1.5 million to complete the $2.7 million purchase of the property; if they had not raised the money, the escrow funds would have been returned to the Currivans and other defendants. In this circumstance, where the settlement agreement remained executory, the client has not yet "recovered" the proceeds, as required by NRS 18.015(4)(a). *Leventhal v. Black & LoBello*, 129 Nev. Adv. Op. No. 50, 305 P.3d 907, 910 (2013) (holding that a charging lien may only attach to an affirmative recovery, or the tangible fruits of the attorney's services). Thus, the March 4 settlement had not produced a recovery to which Hall's March 13 charging liens could attach.

Once the purchase was completed, however, the acquired real property was an "affirmative recovery" gained through settlement to which charging liens could attach. *Id.* ("This 'fruit' is generally money, property, or other actual proceeds . . . ."); *see also* NRS 18.015(4)(a) (stating that a charging lien may attach "to any money or property" that is recovered). Accordingly, because Hall had previously perfected his charging liens by serving the required notice, the liens attached to the real property on June 27.

In this regard, we reject Oswalt's and Gerber's argument that an attorney who is discharged or withdraws prior to the client's recovery of money or property may not assert a charging lien against the recovery. NRS 18.015(1)(a) provides that an attorney in whose hands "any claim, demand or cause of action . . . has been placed" has a charging lien. Thus, it is not necessary for the attorney to have recovered a judgment himself in order to assert a charging lien; it is only necessary that the client has hired the attorney to perform work on the matter. *See Cope v. Woznicki*, 140 P.3d 239, 241 (Colo. App. 2006) (noting that "claims and demands in suit" was listed separately from judgments in the Colorado charging lien statute and concluding that it is not necessary for an attorney himself to obtain a judgment in order for the attorney to assert a charging lien).

Having concluded that Hall has valid charging liens that attached to Oswalt's and Gerber's June 27 acquisition of the Currivans' property in consummation of the March 4 settlement, we decline to consider the parties' remaining arguments. The district court has not yet considered the parties' arguments concerning the value of Hall's charging liens, including whether the claimed fee agreements are valid or what they provide, whether Hall should instead be compensated in quantum meruit, what portion of the settlement and sale may be attributed to the personal injury and real property actions, or whether the amounts claimed by Hall are reasonable under the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), factors. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to vacate its order striking Hall's charging liens, to enter an

order denying Oswalt's and Gerber's motion to strike, and to conduct further proceedings consistent with this order.

_____ , J.
Saitta

_____ , J.
Gibbons

_____ , J.
Pickering

cc:    Hon. Lynne K. Simons, District Judge
       Glade L. Hall
       Lemons, Grundy & Eisenberg
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A