# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ELIZABETH C. HOWARD, AN INDIVIDUAL,<br>　　　　　Appellant,<br>　　　vs.<br>SHAUGHNAN L. HUGHES,<br>　　　　　Respondent. | No. 72685 |
| ELIZABETH C. HOWARD, AN INDIVIDUAL,<br>　　　　　Appellant,<br>　　　vs.<br>SHAUGHNAN L HUGHES, AN INDIVIDUAL,<br>　　　　　Respondent. | No. 72965 ✓ |

FILED

OCT 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND REINSTATING BRIEFING

Docket no. 72685 is an appeal from a final judgment in an action for partition. Docket No. 72965 is an appeal from a post-judgment order imposing sanctions against appellant's counsel. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

On July 26, 2017, this court entered an order to show cause directing appellant to demonstrate this court's jurisdiction. Appellant has filed a motion for an extension of time to file the response, respondent opposes the motion, and appellant has filed a reply. Cause appearing, and despite its untimeliness, we grant the motion. The clerk of this court shall file the response, provisionally received in this court via E-Flex on September 5, 2017.

In the order to show cause, we noted that appellant appears not to be aggrieved by the order imposing sanctions and thus lacks standing to appeal it. See NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440,

874 P.2d 729 (1994) (defining an aggrieved party); *see also Albert D. Massi, Ltd., v. Bellmyre,* 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) ("[A]n attorney representing a client in a case is not a party to the action and does not have standing to appeal.").

Having considered the response, we conclude that this court lacks jurisdiction for the reasons explained above, and we dismiss the appeal in Docket No. 72965. We reinstate the briefing schedule in Docket No. 72685 as follows. Appellant shall have 60 days from the date of this order to file and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1). Failure to timely file the opening brief and appendix may result in the imposition of sanctions. NRAP 31(d).

It is so ORDERED.[1]

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc:  Hon. Thomas L. Stockard, District Judge
     Jonathan L. Andrews, Settlement Judge
     Kozak Lusiani Law
     Allison MacKenzie, Ltd.
     Churchill County Clerk

---

[1]We deny as moot respondent's motion to dismiss the appeal in Docket No. 72965 and the parties' motions for extensions of time to file briefs, and we decline to award sanctions pursuant to NRAP 38.