# IN THE SUPREME COURT OF THE STATE OF NEVADA

DON SAVAGE,
                        Appellant,
          vs.
BYRON A. BERGERON, ESQ.,
                        Respondent.

No. 78348

**FILED**

APR 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
       DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order granting a motion for summary judgment. Review of the notice of appeal, docketing statement, and documents before this court reveals jurisdictional defects.

Appellant filed a complaint naming respondent and Bail Bond Specialists as defendants. Appellant claimed in at least two district court filings that Bail Bond Specialists was served with process on October 15, 2018. The record before this court does not appear to contain any proof of such service. Nevertheless, assuming that Bail Bond Specialists was served with process and thus became a party to the underlying proceedings, *see Albert D. Massi, Ltd. v. Bellmyre,* 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) (a party is an entity that has been named and served), no written district court order appears to resolve the claims against Bail Bond Specialists. Thus, the notice of appeal was prematurely filed prior to the entry of a final judgment. *See Moran v. Bonneville Square Assocs.,* 117 Nev. 525, 530, 25 P.3d 898, 901 (2001) (this court lacks jurisdiction over an appeal that is prematurely filed prior to the entry of final judgment); *Lee v.*

*GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment); NRAP 4(a)(6) (allowing this court to dismiss a premature notice of appeal).

Alternatively, if Bail Bond Specialists was not served with process, respondent was the only defendant in the underlying proceedings. The district court entered an order on January 23, 2019, granting respondent's motion for summary judgment. That order was the final judgment in the underlying matter, resolving all claims against respondent. Notice of entry of the January 23, 2019, order was served via mail on January 29, 2019. But appellant did not file his notice of appeal in the district court until March 13, 2019, after expiration of the 30-day appeal period set forth in NRAP 4(a)(1). Accordingly, the notice of appeal was untimely filed. *See Winston Products Co. v. DeBoer*, 122 Nev. 517, 519, 134 P.3d 726, 728 (2006) ("This court lacks jurisdiction to consider an appeal that is filed beyond the time allowed under NRAP 4(a).").

The district court entered a judgment on March 4, 2019, stating that appellant takes nothing against respondent, dismissing the action, and awarding respondent costs in an unspecified amount. As it pertains to the merits of appellant's complaint, this judgment is superfluous and cannot be appealed where the district court had already entered its order granting respondent's motion for summary judgment. *See Campos-Garcia v. Johnson*, 130 Nev. 610, 331 P.3d 890 (2014) ("When district courts, after entering an appealable order, go on to enter a judgment on the same issue, the judgment is superfluous."). To the extent appellant challenges the portion of the March 4, 2019, judgment awarding costs, such a post-judgment order is generally appealable as a special order after final judgment. *See* NRAP 3A(b)(8). However, because the judgment does not

SUPREME COURT
OF
NEVADA

(0) 1947A

award a specific amount of costs, it does not resolve the award of costs with finality and is not appealable. Accordingly, this court concludes that it lacks jurisdiction, and

ORDERS this appeal DISMISSED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:   Hon. Egan K. Walker, District Judge
Donald Michael Savage
Silverman, Kattelman, Springgate, Chtd.
Washoe District Court Clerk