# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE ESTATE OF
WILFRED RICHARD-JAMES
BOSSERMAN.

No. 76698

WILLIAM K. ERRICO; AND WILLIAM
ERRICO & ASSOCIATES, P.C.,
Appellants,
vs.
SANDRA STAHL, AS SUCCESSOR
GUARDIAN OF THE ESTATE OF
WILFRED RICHARD-JAMES
BOSSERMAN,
Respondent.

FILED

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order approving the distribution of settlement funds in a guardianship matter. When initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, appellants were ordered to show cause why this appeal should not be dismissed for lack of jurisdiction. In particular, it appeared that appellants were not parties to the underlying guardianship proceedings and did not have standing to appeal. *See* NRS 159.375 (allowing appeals from certain guardianship orders pursuant to this court's rules); NRAP 3A(a) (allowing an appeal to be filed by an aggrieved party); *e.g., Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) ("To qualify as a party, an entity must have been named and served."); *see also* NRS 159.169(3) (requiring the issuance and service of a citation on interested parties who may be adversely affected by the proposed action of a guardian).

Having considered appellants' response and respondent's reply, this court concludes that appellants were not parties to the guardianship proceedings. Appellants were not served with a citation in the same manner as a summons in a civil action is served. *See* NRS 159.169(3). Accordingly, appellants lack standing to prosecute this appeal.[1] *Cf. Massi*, 111 Nev. at 1520-21, 908 P.2d at 705-06 (concluding that an attorney does not have standing to appeal from an order determining an attorney's lien filed in his former client's case); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994) (holding that appellants lacked standing to appeal where they were notified of a settlement proposal, appeared before the district court, and filed written objections to the proposal, but never intervened or became parties or record). Accordingly, this court

ORDERS this appeal DISMISSED.[2]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

---

[1]This court declines to address appellants' contention that the district court's order becomes a taking under the federal and state constitutions "if this Court does not accept jurisdiction" because it is not supported by cogent argument. *See Edwards v. Emperor's Garden Restaurant*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

[2]Given this dismissal, this court need not address respondent's contentions that appellants are not aggrieved by the challenged order and that this appeal is moot.

This court declines appellants' request to convert this appeal into a petition for extraordinary relief. Appellants may file such a petition pursuant to NRAP 21, if deemed warranted.

cc: Hon. Vincent Ochoa, District Judge
Johnson & Gubler, P.C.
Shumway Van
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A