# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JILL OSWALT, M.D.; AND MICHAEL GERBER,<br><br>Appellants,<br>vs.<br>GLADE L. HALL,<br><br>Respondent. | No. 75434 |
| GLADE L. HALL,<br><br>Appellant,<br>vs.<br>JILL OSWALT, M.D.; AND MICHAEL GERBER,<br><br>Respondents. | No. 75672 ✓<br><br>**FILED**<br><br>SEP 18 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____ DEPUTY CLERK |

## ORDER DISMISSING APPEAL AND REINSTATING BRIEFING

These are consolidated appeals from an order adjudicating attorney Glade Hall's attorney liens. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Glade Hall represented Jill Oswalt and Michael Gerber in two district court matters. He filed charging liens against settlement proceeds and after substantial litigation, including a malpractice action which was ultimately settled and dismissed, the district court awarded him $180,030. Oswalt, Gerber, and Hall challenge the district court's order.

This court directed appellant and attorney Glade Hall to show cause why the appeal in Docket No. 75672 should not be dismissed for lack of jurisdiction because, as the attorney, he was not a party to the action below, and it appeared that his proper remedy was by way of original writ petition, instead of appeal. *See Van Cleave v. Osborne, Jenkins & Gamboa,* 108 Nev. 885, 840 P.2d 589 (1992) (permitting appeal by party from order adjudicating attorney's lien); *Albert D. Massi, Ltd. v. Bellmyre,* 111 Nev. 1520, 908 P.2d 705 (1995) (concluding that appellant attorney, who was not

19-38915

a party to the action below, had no standing to appeal the order determining his liens, and that his proper recourse was through a petition for extraordinary writ). Hall, Oswalt, and Gerber have responded.

Hall contends that because the malpractice and underlying lien cases were consolidated below, "they [became] one case for all appellate purposes." *Mallin v. Farmers Insurance Exchange*, 106 Nev. 606, 609, 797 P.2d. 978, 990 (1990). He argues that this court's holding in *In re Estate of Sarge*, 134 Nev., Adv. Op. 105, 432 P.2d 718 (2018), that consolidated cases retain their separate identities so that an order resolving all the claims in one of the consolidated cases is immediately appealable as a final judgment, does not relate to the issue of the standing of a party to the consolidated cases to file an appeal. He concludes, therefore, that he has proper standing to appeal the order adjudicating the liens. Oswalt and Gerber counter that the procedural history of the litigation does not change the fundamental fact that Hall is not a party to the cases on which his charging liens are based, and that therefore, his remedy is to file a writ petition. Having considered the arguments of the parties, this court concludes that it lacks jurisdiction over the appeal in Docket No. 75672, and that appeal is dismissed. Hall may file a writ petition to challenge the adjudication of the liens. *Massi*, 111 Nev. 1520, 908 P.2d 705. The proceedings in Docket No. 75434 are reinstated.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. David A. Hardy, District Judge
Laurie A. Yott, Settlement Judge
Carl M. Hebert
Glade L. Hall
Hutchison & Steffen, LLC/Las Vegas
Washoe District Court Clerk