# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF: MICHAEL ALLEN
LEFEVER, A PROTECTED PERSON.

No. 79787

MICHAEL ALLEN LEFEVER,
                    Appellant,
          vs.
BRETT LEFEVER,
                    Respondent.

FILED

DEC 09 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a guardian's petition for permission to move the protected person out of state. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Respondent moves to dismiss this appeal, contending that the challenged order is not substantively appealable. Appellant asserts that the order is appealable on three bases.

First, appellant contends that the order is appealable as a final judgment under NRAP 3A(b)(1). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The order granting the petition to move the protected person is not a final judgment because it does not finally resolve the guardianship, which remains in place.

Second, appellant asserts that the order granting the petition to move the protected person is appealable as are orders allowing a parent to relocate with a minor child. But as appellant seems to acknowledge,

SUPREME COURT
OF
NEVADA

(O) 1947A

orders allowing a parent to relocate with a minor child are appealable under NRAP 3A(b)(7). NRAP 3A(b)(7) allows an appeal from an order not arising in a juvenile court that finally alters or establishes the custody of minor children. The order challenged in this appeal does not finally alter or establish the custody of a minor child. Under certain circumstances, an order allowing a parent to relocate a child is appealable as a final judgment. However, as discussed above, the order entered in this matter is not a final judgment.

Third, appellant contends that the order is appealable under NRS 159.375(8). NRS 159.375(8) allows appeals from orders granting or denying petitions to modify or terminate a guardianship. Here, the petition for permission to move the protected person out of state was brought pursuant to NRS 159.079, which governs petitions to change the residence of a protected person to a state other than Nevada, rather than NRS 159.1905, which governs petitions to terminate or modify guardianships. The district court's order cites NRS 159.079 and a related statute, NRS 159.0807, but not NRS 159.375. The order does not mention modification of the guardianship; the order relates only to the request to relocate the protected person. Further, while this court acknowledges that relocation of the protected person may have significant impacts upon the protected person, this court is not convinced that granting leave for a guardian to relocate the protected person constitutes a modification of the guardianship for purposes of NRS 159.375(8). Under these circumstances, appellant fails to demonstrate that the order is appealable as an order denying a petition for modification of a guardianship under NRS 159.375(8). *See Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) ("[T]he burden rests squarely upon the shoulders of a party seeking to

invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction."). Accordingly, the motion is granted and this court

ORDERS this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Thomas W. Gregory, District Judge
David Wasick, Settlement Judge
Woodburn & Wedge
Oshinski & Forsberg, Ltd.
Douglas County Clerk