# IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC, F/K/A GREEN TREE SERVICING, LLC, A FOREIGN CORPORATION,

Appellant,

vs.

TYRONE & IN-CHING, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

Respondent.

No. 79309

FILED

JAN 06 2020

ELIZABETH L BROWN
CLERK OF SUPREME COURT

BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order, purportedly certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

When this court's initial review of the docketing statement revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that claims remained pending in the district court such that the court had not yet entered a final appealable judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). It also appeared that the purported certification of finality under NRCP 54(b) was improper because the district court's order does not contain an express determination that there is no just reason for delay or an express direction for the entry of judgment.[1] *See* NRCP 54(b); *Hern v. Erhardt*, 113 Nev. 1130, 1333 n.4, 948 P.2d 1195, 1197 n.4 (1997).

---

[1]The parties' stipulation requests that the district court certify that there is no reason for delay, but such language is not included in the order.

In response, appellant agrees that claims remain pending in the district court. Appellant asserts that the order was not subject to certification under NRCP 54(b) because it did not enter judgment against appellant or address whether the deed of trust was extinguished. Appellant asks that this matter be remanded to the district court to adjudicate the remaining claims, after which any aggrieved party may appeal. Appellant, however, does not address the substance of this court's order to show cause—that the NRCP 54(b) certification was improper because it lacked an express determination that there is no reason for delay and an express direction for the entry of judgment. Accordingly, as appellant fails to demonstrate that the NRCP 54(b) certification was proper and that this court has jurisdiction, *see Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) (the burden lies with appellant to demonstrate that this court has jurisdiction), this court

ORDERS this appeal DISMISSED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                              Silver

---

[2]Appellant's request to remand this matter to the district court is denied.

Given this dismissal, this court takes no action on appellant's December 11, 2019, notice of bankruptcy status.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Crockett, District Judge
Wolfe & Wyman LLP
Ayon Law, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A