# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL J. MONA, JR.; RHONDA HELENE MONA AS TRUSTEES OF THE MONA FAMILY TRUST; A.O.E., LLC; HAMID M. MAHBAN, AND MICHAEL J. MONA, JR., INDIVIDUALLY,

    Appellants/Cross-Respondents,

vs.

DAYCO FUNDING CORPORATION, A CALIFORNIA CORPORATION,

    Respondent/Cross-Appellant,

and

NORMAN FAMILY LIMITED PARTNERSHIP, A CALIFORNIA LIMITED PARTNERSHIP; ISAAC NORMAN, AN INDIVIDUAL; ISAAC NORMAN AND HOMA NORMAN AS TRUSTEES OF THE NORMAN FAMILY TRUST DATED FEBRUARY 16, 1989, INDIVIDUALLY AND IN ITS CAPACITY AS GENERAL PARTNER OF THE NORMAN FAMILY LIMITED PARTNERSHIP; AND A.O.E., LLC,

    Cross-Respondents.

No. 78811

FILED

JUL 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND CROSS-APPEAL

This is an appeal and cross-appeal from a district court supplemental order following remand from this court in Docket No. 70833. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

As this court previously noted, after remand in Docket No. 70833, the district court entered the challenged order that vacated portions of the final judgment appealed from in Docket No. 70833, and entered a new judgment that awarded damages "in an amount to be determined at a future date." Thus, it appears that the challenged order is not final because it leaves the issue of damages for the court to consider at a later date. Accordingly, this court entered an order to show cause why this appeal and cross-appeal should not be dismissed for lack of jurisdiction.

Appellants and cross-appellant have now responded to the order to show cause. Cross-appellant does not oppose dismissal. Appellants oppose dismissal, contending that although the district court's order does not contain formal language entering a judgment for damages, it can be inferred from the procedural history of the case. We disagree. Such language cannot be inferred as it conflicts with the district court's express statement that it would award damages "in an amount to be determined at a future date."

Thus, appellants have not demonstrated that the challenged order is appealable as a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney fees and costs"); *see also Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) (the appellant bears the burden of establishing appellate jurisdiction). Further, it does not appear that the challenged order is otherwise appealable. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider

appeals authorized by statute or court rule"). Accordingly, we conclude that this court lacks jurisdiction and

ORDER this appeal and cross-appeal DISMISSED.[1]

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Elizabeth Goff Gonzalez, District Judge
    Paul M. Haire, Settlement Judge
    Hamid M. Mahban
    Marquis Aurbach Coffing
    Kolesar & Leatham, Chtd.
    Norman Family Ltd. Partnership
    Isaac Norman
    Homa Norman
    Eighth District Court Clerk

---

[1]In light of this order, cross-respondents Norman Family Ltd. Partnership, Isaac Norman, and Homa Norman's request for an extension of time to retain new counsel and cause new counsel to file a notice of appearance in this court is denied as moot.