# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC.,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Respondent.

No. 79570

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a quiet title and declaratory relief action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Our review of the record and briefs submitted with this appeal reveals a jurisdictional defect. While litigation was ongoing below, appellant quitclaimed all of its interest in the subject property to a third party.[1] Without any interest in the subject property, appellant failed to show that it is aggrieved by the district court summary judgment quieting title to that property in favor of respondent as required to bring this appeal. *See* NRAP 3A(a) (providing that a party must be "aggrieved by an appealable judgment or order" to have standing to "appeal from that judgment or order"); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (holding that a party is aggrieved within the meaning of NRAP 3A(a) when either a personal right or right of property is adversely affected by a court ruling); *see also Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) (providing that "the burden rests squarely upon the shoulders of a party seeking to invoke our

---

[1]The third party was joined as a party to the district court action, but did not appeal from the district court's decision or join appellant's appeal.

20-34449

jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction"). We therefore dismiss this appeal. *See Leonard v. Belanger*, 67 Nev. 577, 594-95, 601, 222 P.2d 193, 201, 204 (1950) (dismissing an appeal under the general rule that a party cannot appeal an order after assigning away its interest in the subject of the appeal such that the order does not prejudice the party); 4 C.J.S. *Appeal & Error* § 344 (2020) ("As a general rule, an appellate proceeding will be dismissed when a party to the proceeding ceases to have any interest in the subject matter in controversy, unless the right to continue exists by reason of statute or because of exceptional circumstances.").[2]

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Ronald J. Israel, District Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]Respondent raised the jurisdiction issue in its answering brief. Appellant failed to respond to that argument, instead focusing on NRCP 25(c) (addressing joinder or substitution of parties in the district court when an interest is transferred) and arguing that it could appeal because respondent was still pursuing claims against it. While NRCP 25(c) may have allowed appellant to remain in the action below, appellant failed to show how that rule trumps NRAP 3A(a)'s requirement that a party be aggrieved by the district court's decision to have appellate standing. And the record belies appellant's claim that respondent continued to pursue claims against it; respondent's amended answer only asserted crossclaims against the entity appellant quitclaimed the property to, and the subject homeowners' association and its trustee.

Supreme Court
of
Nevada

(O) 1947A

2