IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK J. GARDBERG, ESQ., IN HIS
CAPACITY AS RECEIVER FOR, AND
ACTING ON BEHALF OF, FLAMINGO-
PECOS SURGERY CENTER, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
                    Appellant,
          vs.
WILLIAM D. SMITH, M.D., AN
INDIVIDUAL; AND SHELDON
FREEDMAN, M.D., AN INDIVIDUAL,
                    Respondents.

No. 83556

FILED

JUL 01 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
     DEPUTY CLERK

MARK J. GARDBERG, ESQ., IN HIS
CAPACITY AS RECEIVER FOR, AND
ACTING ON BEHALF OF, FLAMINGO-
PECOS SURGERY CENTER, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
                    Appellant,
          vs.
WILLIAM D. SMITH, M.D., AN
INDIVIDUAL; AND SHELDON
FREEDMAN, M.D., AN INDIVIDUAL,
                    Respondents.

No. 83805

## ORDER DISMISSING APPEALS

Docket No. 83556 is an appeal from a district court order granting summary judgment. Docket No. 83805 is an appeal from a district

22-20862

court order granting attorney fees and costs. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

This court thrice ordered appellant to show cause why these appeals should not be dismissed for lack of jurisdiction. In the most recent order, this court pointed out that certain claims against respondent William D. Smith appeared to remain pending in the district court. Thus, the order challenged in Docket No. 83556 is not appealable as a final judgment. *See* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). In a prior order to show cause, this court explained that, in the absence of a final judgment, the order on appeal in Docket No. 83805 is not appealable as a special order after final judgment. *See* NRAP 3A(b)(8). Appellant was directed to show cause, by May 27, 2022, why these appeals should not be dismissed for lack of jurisdiction. Appellant was cautioned that failure to demonstrate that this court has jurisdiction may result in the dismissal of these appeals. To date, appellant has not filed a response to the most recent order or otherwise communicated with this court.

Appellant fails to demonstrate that the district court has entered a final judgment appealable under NRAP 3A(b)(1) or that the order challenged in Docket No. 83556 is appealable under any other statute or court rule. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Appellant also fails to demonstrate any basis for appealability of the order challenged in Docket No. 83805. Accordingly, appellant fails to demonstrate that this court has jurisdiction, *see Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) ("[T]he burden rests squarely upon the shoulders of a party seeking to

invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction."), and this court

ORDERS these appeals DISMISSED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc:   Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 11
Thomas J. Tanksley, Settlement Judge
Iqbal Law, PLLC
Cook & Kelesis
Eighth District Court Clerk