IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALBERT ELLIS LINCICOME, JR.; AND VICENTA LINCICOME,<br><br>Appellants,<br><br>vs.<br><br>SABLES, LLC, A NEVADA LIMITED LIABILITY COMPANY, AS TRUSTEE OF THE DEED OF TRUST GIVEN BY VICENTA LINCICIOME AND DATED 5/23/2007; FAY SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY AND SUBSIDIARY OF FAY FINANCIAL, LLC; PROF-2013-M4 LEGAL TITLE TRUST BY U.S. BANK, N.A., AS LEGAL TITLE TRUSTEE ; BANK OF AMERICA, N.A.; BRECKENRIDGE PROPERTY FUND 2016, LLC; NEWREZ, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, LLC; 1900 CAPITAL TRUST II, BY U.S. BANK TRUST NATIONAL ASSOCIATION; AND MCM-2018-NPL2,<br><br>Respondents. | No. 84238<br><br>**FILED**<br><br>JUL 01 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER DISMISSING APPEAL

This is an appeal from a permanent writ of restitution and from district court orders (1) granting a motion for summary judgment, and (2) awarding attorney fees and costs. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Respondent Breckenridge Property Fund 2016, LLC has filed a motion to dismiss this appeal for lack of jurisdiction. Breckenridge asserts that the summary judgment order is not appealable as a final judgment. In particular, Breckenridge contends that its claims for slander of title, unjust

SUPREME COURT
OF
NEVADA

(O) 1947A

22-20855

enrichment, and rent or monies for possession of the subject property remain unresolved. In response, appellants contend that Breckenridge's claim for slander of title was rendered moot by its motion for attorney fees and costs and that its claims for unjust enrichment and rents or monies were otherwise resolved. Appellants also summarily assert that the order awarding attorney fees and costs is an appealable post-judgment order.

Appellants do not provide a copy of any written order finally resolving Breckenridge's claims for slander of title, unjust enrichment, or rent or monies. To the extent appellants assert that the November 5, 2021, order resolves Breckenridge's claims for unjust enrichment and rents or monies, this assertion lacks merit—the order specifically contemplates the entry of a future order regarding damages for overdue rents. Moreover, appellants fail to offer cogent argument or citation to authority in support of their argument that Breckenridge's claim for slander of title was somehow mooted or abandoned by its filing of a motion for attorney fees and costs. Accordingly, appellants fail to demonstrate that the district court has entered a final judgment appealable under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs."); *Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) ("[T]he burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction.").

In the absence of a final judgment, the order awarding attorney fees and costs is not appealable as a special order after final judgment. And

appellants do not even address the appealability of the order granting a permanent writ of restitution. As appellants do not assert any other basis of jurisdiction for the challenged orders and no other statute or court rule appears to allow an appeal from the challenged orders, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), it appears that this court lacks jurisdiction. The motion to dismiss is granted, and this court

ORDERS this appeal DISMISSED.[1]

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

---

[1]Given this dismissal, this court takes no action on respondents Bank of America, N.A.,'s and Prof-2013 M4-Legal Title Trust, Fay Servicing LLC, and Shellpoint Mortgage Servicing, LLC's requests, within their response to docketing statement and joinder thereto, for clarification of the scope of this appeal. Counsel for these respondents are reminded that requests for relief should be by motion, not within a response to docketing statement. *See* NRAP 27(a)(1); *Matter of Dunleavy*, 104 Nev. 784, 787, 769 P.2d 1271, 1273 (1988) ("NRAP 27(a) contemplates that requests for relief from the court be presented in a formal motion.").

cc: Hon. Leon Aberasturi, District Judge
Millward Law, Ltd.
Akerman LLP/Las Vegas
Hutchison & Steffen, LLC/Las Vegas
Wedgewood, LLC
Wright, Finlay & Zak, LLP/Las Vegas
ZBS Law, LLP
Third District Court Clerk