# IN THE SUPREME COURT OF THE STATE OF NEVADA

MOISES A. LEYVA; AND DARREN J. LACH, ESQ.,

Appellants,

vs.

QBE INSURANCE COMPANY; AND ERIC BLANK INJURY ATTORNEYS,

Respondents.

No. 84627

FILED

SEP 19 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for reconsideration of an order adjudicating an attorney lien. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

When initial review of the notice of appeal and documents before this court revealed a potential jurisdictional defect, this court ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. In particular, it appeared that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1) as asserted in the docketing statement because the complaint and complaint in intervention remain pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). In addition, respondents filed a motion to dismiss this appeal asserting that appellant Darren Lach was not a party to the underlying proceedings and appellant Moises Leyva is not aggrieved by the challenged order. Appellants have filed a response to the order to show cause and an opposition to the motion to dismiss and respondents have filed replies.

Regarding entry of a final judgment, appellants indicate that all claims in the complaint and complaint in intervention were settled. They seem to contend that the challenged order is appealable as an amended judgment.[1] But appellants do not meaningfully address this court's concern that no final judgment has been entered.

Appellants have not provided this court with a copy of a written, file-stamped order resolving the claims in the complaint and complaint in intervention, nor do they even assert that such an order exists. To the extent appellants assert that the parties' agreement to resolve claims constitutes a final judgment, appellants have not provided this court with a copy of any notice or stipulation of dismissal filed pursuant to NRCP 41(a)(1). Nor do appellants assert that such a notice or stipulation was filed in the district court. Appellants thus fail to demonstrate that a final judgment has been entered. *See* NRCP 58(c) (providing that a judgment is entered when it signed by the court and filed with the clerk—no judgment is effective until it is entered); *Div. of Child and Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) (holding "that dispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective"); *Lee*, 116 Nev. at 426, 996 P.2d at 417 ("[A] final judgment is one that disposes of all

---

[1]Appellants seem to assert that the appealability of the order depends on whether a prior order was titled as a judgment or an order. However, this court has "consistently explained that the appealability of an order or judgment depends on 'what the order or judgment actually does, not what it is called.'" *Campos-Garcia v. Johnson*, 130 Nev. 610, 611, 331 P.3d 890, 891 (2014), *quoting Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (emphasis omitted).

the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs."); NRAP 4(a)(3) ("A notice or stipulation of dismissal filed under NRCP 41(a)(1) has the same effect as a judgment or order signed by the judge and filed by the clerk and constitutes entry of a judgment or order for purposes of this Rule.").

In the absence of a final judgment, there can be no amended judgment. And no other statute or court rule appears to allow an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, appellants fail to demonstrate that the challenged order is substantively appealable. *See Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001) ("[T]he burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction.").

Moreover, respondents correctly argue in their motion to dismiss that appellants cannot appeal because they are not aggrieved parties. *See* NRAP 3A(a) (allowing an appeal by an aggrieved party). Lach was not a party to the underlying district court case and lacks standing to appeal.[2] *See Albert D. Massi, Ltd. v. Bellmyre,* 111 Nev. 1520, 908 P.2d 705 (1995) (counsel of record is not a party and lacks standing to appeal). It does not appear that Leyva is aggrieved by the challenged order resolving the attorney fee dispute between his attorneys because he does not

---

[2]It also does not appear that Lach was properly identified as an appellant in the notice of appeal and case appeal statement.

SUPREME COURT
OF
NEVADA

3

demonstrate that the order adversely and substantially affects his personal right or right of property. *See Valley Bank of Nevada v. Ginsburg,* 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (explaining when a party is aggrieved for purposes of NRAP 3A(a)). For these reasons, this court

ORDERS this appeal DISMISSED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                              Herndon

cc:   Hon. Erika D. Ballou, District Judge
      Patrick N. Chapin, Settlement Judge
      Law Office of David W. Fassett
      Hone Law
      James R. Christensen
      Lewis Brisbois Bisgaard & Smith LLC/Reno
      Eighth District Court Clerk

---

[3]This court declines Lach's request to convert the appeal into a writ petition under NRAP 21. The motion to dismiss is denied as moot.

SUPREME COURT
OF
NEVADA